IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INNOVATOR ENTERPRISES, INC           )
153 Treeline Park, Suite 300         )
San Antonio, TX 78209-1880           )
                                     )
    Plaintiff                        )
                                     )
        v.                           )        Civil Action No.
                                     )
B. TODD JONES                        )
Acting Director                      )
Bureau of Alcohol, Tobacco,          )
Firearms & Explosives                )
99 New York Avenue, N.E.             )
Washington, D.C. 20226               )
                                     )
    Defendant                        )

### COMPLAINT

1) This is an action for declaratory relief, pursuant to 28 U.S.C. § 2201(a), and for judicial review, pursuant to 5 U.S.C. § 701, *et seq.*, with respect to the application of 18 U.S.C. § 921(a)(24) to a device designed by Plaintiff.

### JURISDICTION AND VENUE

2) This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it arises under the laws of the United States.

3) Venue is proper in the District of Columbia, under 28 U.S.C. § 1391(e)(1)(A), as the defendant resides in the District of Columbia.

### PARTIES

4) Plaintiff Innovator Enterprises, Inc is a Nevada corporation which develops new technologies.

5) Defendant B. Todd Jones is the acting director of the Bureau of

Alcohol, Tobacco, Firearms & Explosives (hereinafter "ATF"), of which the Firearms Technology Branch ("FTB") is part and which Jones supervises, directs, and oversees.

<u>APPLICABLE LAW</u>

6) For purposes of the regulation of the possession and transfer of firearms under the Gun Control Act of 1968, 18 U.S.C. § 921, *et seq.*, the term "firearm" includes "any firearm muffler or firearm silencer . . . ." 18 U.S.C. § 921(a)(3)(C).

7) The terms "firearm silencer" and "firearm muffler" mean:

> any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication.

18 U.S.C. § 921(a)(24).

<u>FACTS</u>

8) Plaintiff designed and built a device it named a "Stabilizer Brake" which attaches to the muzzle of a rifle and which, according to its patent, "substantially reduces recoil, reduces muzzle rise, and redirects noise away from the shooter toward the target." Copy attached. **The "Stabilizer Brake" does not reduce total sound, but increases sound at the front of the rifle and decreases sound at the shooter's position.**

9) By letter of August 2, 2012, Plaintiff requested that ATF's FTB evaluate Plaintiff's "Stabilizer Brake" to determine whether FTB believed the "Stabilizer Brake" to be a firearm muffler or firearm silencer within the meaning of 18 U.S.C. § 921(a)(24). A copy of the

letter is attached.

10) By letter of September 14, 2012 (copy attached), the FTB took the position that the "Stabilizer Brake" was a firearm muffler or firearm silencer within the meaning of 18 U.S.C. § 921(a)(24) solely because it "incorporates an expansion chamber, a ported inner tube, and an end cap, which are characteristics of known firearm silencers."

11) The FTB conducted no test of the "Stabilizer Brake" to determine if it silenced, muffled, or diminished the report of a portable firearm because its position on whether a device is a firearm muffler or firearm silencer within the meaning of 18 U.S.C. § 921(a)(24) is "based solely upon the physical characteristics of the device under examination."  Letter of September 14, 2012.

<u>COUNT I</u>

12) Paragraphs 1-11 are incorporated herein by reference.

13) Contrary to the FTB's position, the "Stabilizer Brake" is not a firearm muffler or firearm silencer within the meaning of 18 U.S.C. § 921(a)(24) because it is not a device for silencing, muffling, or diminishing the report of a portable firearm; it merely **increases sound at the front of the rifle and decreases sound at the shooter's position**.

14) 28 U.S.C. § 2201(a) provides in pertinent part:

In a case of actual controversy within its jurisdiction, . . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

15) There is an actual controversy between the parties concerning the application of 18 U.S.C. § 921(a)(24) to the "Stabilizer Brake."

<u>COUNT II</u>

16) Paragraphs 1-15 are incorporated herein by reference.

17) 5 U.S.C. § 702 provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

18) 5 U.S.C. § 704 provides in pertinent part that "final agency action for which there is no other adequate remedy in a court are subject to judicial review."

19) 5 U.S.C. § 551(13) provides that "'agency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act . . . ."

20) 5 U.S.C. § 551(4) defines a "rule" as "the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy . . . ."

21) The FTB letter of September 14, 2012 is a "rule" as defined in 5 U.S.C. § 551(4) and is thus "agency action" as defined in 5 U.S.C. § 551(13).

22) The FTB letter of September 14, 2012 constitutes "final agency action" because it was the consummation of ATF's decision-making process concerning whether the "Stabilizer Brake" is a firearm muffler or firearm silencer within the meaning of 18 U.S.C. § 921(a)(24) in

-4-

that it was not of a merely tentative or interlocutory nature and because it is an action by which rights or obligations have been determined.

23) The FTB's determination in its letter of September 14, 2012 was arbitrary and capricious, and not in accordance with law.

WHEREFORE, Innovator Enterprises, Inc prays that this court: 1) declare that the "Stabilizer Brake" is not a firearm muffler or firearm silencer within the meaning of 18 U.S.C. § 921(a)(24); 2) hold unlawful and set aside the FTB's determination as it is arbitrary and capricious, and not in accordance with law; and 3) award such other relief, including costs and attorney's fees pursuant to 28 U.S.C. § 2412, as appropriate.

Respectfully submitted,

Innovator Enterprises, Inc
By counsel

/s/Richard E. Gardiner
Richard E. Gardiner
Suite 403
3925 Chain Bridge Road
Fairfax, VA 22030
(703) 352-7276
(703) 359-0938 (fax)
regardiner@cox.net