## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **INNOVATOR ENTERPRISES, INC.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 13-0581 (JDB)** |
| | ) | |
| **B. TODD JONES, ACTING DIRECTOR,** | ) | |
| **BUREAU OF ALCOHOL, TOBACCO,** | ) | |
| **FIREARMS AND EXPLOSIVES,** | ) | |
| | ) | |
| **Defendant** | ) | |

## DEFENDANT'S MOTION TO DISMISS
## OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant, B. Todd Jones, Acting Director, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF" or "Agency"), by and through undersigned counsel, respectfully moves the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Plaintiff's Complaint on the grounds that Plaintiff failed to state a claim upon which relief can be granted. In the alternative, Defendant moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting summary judgment in Defendant's favor.

In support of this motion, Defendant respectfully submits the attached Memorandum of Points and Authorities. A proposed Order consistent with this motion is attached hereto.

Respectfully submitted,

RONALD C. MACHEN, JR.
United States Attorney
D.C. Bar #447889

DANIEL F. VANHORN
Chief, Civil Division
D.C. Bar #924092

By: */s/ Marian L. Borum*
MARIAN L. BORUM
Assistant United States Attorney
D.C. Bar #435409
555 Fourth Street, N.W.
Washington, DC 20530
(202) 514-6531 (office)
(202) 514-8780 (facsimile)
Marian.L.Borum@usdoj.gov

Of Counsel:

Mark A. Vetter
Senior Attorney
Office of Chief Counsel (Litigation)
Bureau of Alcohol, Tobacco, Firearms & Explosives
United States Department of Justice

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INNOVATOR ENTERPRISES, INC., | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 13-0581 (JDB)** |
| | ) | |
| B. TODD JONES, ACTING DIRECTOR, | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS AND EXPLOSIVES, | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

## I.      INTRODUCTION

Plaintiff filed this civil action for judicial review pursuant to the Administrative

Procedures Act, 5 U.S.C. §§ 701 et seq., and for declaratory judgment, pursuant to 28 U.S.C. §

2201(a).  See Complaint, ¶ 1.  Plaintiff alleges that Defendant, through the actions of the Bureau

of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Firearms Technology Branch ("FTB"),

improperly determined that Plaintiff's "Stabilizer Brake" was a firearm silencer.  Id. at ¶ 23.

Plaintiff seeks declaratory judgment that the "Stabilizer Brake" is not a firearm silencer or

muffler, and that FTB's determination was arbitrary and capricious.  Id. at ¶ 5.

## II.      STATEMENT OF RELEVANT FACTS

Plaintiff is a corporation established under the laws of Nevada, "which develops new

technologies."  Id. at ¶ 4.  Plaintiff submitted a prototype of its "Stabilizer Brake" to FTB on or

about August 2, 2012, to determine if the device was a silencer within the meaning of 18 U.S.C.

§ 921(a)(24). [1] Id. at ¶ 9. See Administrative Record ("AR"): 1-13. Plaintiff described the purpose of the Stabilizer Brake as an attachment to the muzzle of a firearm barrel which would reduce the recoil and the muzzle rise of the firearm. Plaintiff also stated that the Stabilizer Brake redirected the amount of noise from the firearm's report away from the shooter, thus dampening the noise from the shooter's perspective, but increasing the noise from the target's perspective.

FTB evaluated the prototype submitted by Plaintiff. By correspondence dated September 14, 2012, FTB informed Plaintiff that it had conducted its evaluation and determined that the prototype was a silencer within the meaning of § 921(a)(24). [2] See AR: 14-17. FTB classifies silencers based upon the physical characteristics of the submitted device by comparing it against known silencer devices. FTB noted in its correspondence that Plaintiff's stabilizer incorporated an expansion chamber, a ported inner tube, and an end cap, all of which are consistent with known silencers. FTB also has sound-monitoring equipment that it can use to demonstrate the *effectiveness* of a silencer; however, sound tests are not used to *classify* a silencer as such. In Plaintiff's case, FTB based its classification of the device as a silencer based solely upon its physical characteristics and did not use the sound-monitoring equipment to test the device's effectiveness at sound reduction and/or redirection.

## III.   LEGAL STANDARDS

### A.  Motion to Dismiss

In a motion to dismiss, under Fed. R. Civ. P. 12(b)(6), the court looks to whether the complaint, with the facts accepted as true, "state[s] a claim that is plausible on its face." Bell

---

[1] In paragraph 9 of the Complaint, Plaintiff indicated that a copy of the letter was attached. See Complaint, ¶ 9. No copy was included with the electronic filing with the Court. Therefore, Defendant has attached, to this motion, a copy of the letter FTB received from Plaintiff. AR: 1-2.

[2] In paragraph 10 of the Complaint, Plaintiff indicated that a copy of the letter was attached. See Complaint, ¶ 10. No copy was included with the electronic filing with the Court. Therefore, Defendant has attached, to this motion, a copy of the letter FTB sent to Plaintiff. AR: 14-15.

Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating prior standard which required the moving party to show that plaintiff can prove no set of facts in support of its claim which would entitle it to relief); see Aktieselskabet v. Fame Jeans, Inc., 525 F.3d 8 (D.C. Cir. 2008). See also, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (applying Twombly to all civil cases). Although a plaintiff only needs to set out sufficient details to make out a claim to proceed past the pleading stage, it is also "possible for a plaintiff to plead too much: that is, to plead himself out of court by alleging facts that render success on the merits impossible." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1116 (D.C. Cir. 2000). Furthermore, the Court does not need to accept legal conclusions couched as factual allegations. See Bostic v. U.S. Capitol Police, 644 F. Supp. 2d 106, 109 (D.D.C. 2009) (quoting Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006)).

As a general rule, on a Rule 12(b)(6) motion, the Court must limit its review to the facts contained within the four corners of the Complaint. See Fed. R. Civ. P 12(d) (requiring the Court to convert a 12(b)(6) motion to one under Rule 56 for summary judgment if outside matters are considered); Hinton v. Corr. Corp. of Am., 624 F. Supp. 2d 45, 46 (D.D.C. 2009) (same). In evaluating the sufficiency of the complaint, the Court considers only "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint, and matters of which [the Court] may take judicial notice." See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). However, matters are not considered "outside" the pleadings if the plaintiff attaches the matters as an exhibit or incorporates them by reference in the complaint. Hinton, 624 F. Supp. 2d at 46 (citing Gustave-Schmidt v. Chao, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), Matters considered not "outside" the pleadings also include documents "upon which the plaintiff's complaint necessarily relies" even if the document is

3

produced not by the plaintiff in the complaint, but by the defendant in a motion to dismiss.  Id. (citing Cortec Indust., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir.1991) (add'l citation omitted).[3]

### B.  Motions for Summary Judgment

Where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is required by Rule 56(a) of the Federal Rules of Civil Procedure.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (interpreting Rule 56(c), the prior version of Rule 56(a)); Gaujacq v. EDF, Inc., 601 F.3d 565, 575 (D.C. Cir. 2010).  A genuine issue of material fact is one that would change the outcome of the litigation. Anderson, 477 U.S. at 248.  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Id. at 247-248 (emphasis in original).

"The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Co., Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).  Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must make a sufficient showing on an essential element of his case to establish a genuine dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  See Matsushita Elec. Indus. Co. v. Zenith

---

[3] As such, in this motion to dismiss, the Court may consider AR:1-13 and AR: 14-17 which were referred to in Plaintiff's Complaint and, apparently, were intended to be attached to the filing.  Marshall v. Honeywell Tech. Solutions, Inc., 536 F. Supp. 2d 59, 65 (D.D.C. 2008) ("[W]here a document is referred to in the complaint and is central to the plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion [to dismiss] to one for summary judgment.") (internal quotation and citation omitted).

Radio Corp., 475 U.S. 574, 586 (1986); Burke v. Gould, 286 F.3d 513, 517-20 (D.C. Cir. 2002)

(requiring a showing of specific, material facts).  "[T]he mere existence of a scintilla of evidence

in support of the plaintiff's position will be insufficient; there must be evidence on which the

jury could reasonably find for the plaintiff."  Anderson, 477 U.S. at 252.  See Carney v. Am.

Univ., 151 F.3d 1090, 1093 (D.C. Cir. 1998) (the burden of persuasion always remains with the

plaintiff, who in opposing a motion for summary judgment has the burden of pointing to some

"affirmative evidence" establishing a factual dispute); see also Laningham v. Navy, 813 F.2d

1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would

permit a reasonable jury to find" in its favor).  The "[s]ummary judgment procedure is properly

regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal

Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination

of every action.'"  Celotex, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

When a party seeks review of agency action under the Administrative Procedure Act

("APA") "[t]he entire case on review is a question of law, and only a question of law," and can

be resolved on the administrative record in the context of a motion for summary judgment.

Marshall Cnty Health Care Auth. v. Shalala, 988 F.2d 1221, 1226 (D.C. Cir. 1993); see Am.

Bioscience, Inc. v. Thompson, 269 F.3d 1077, 1083-84 (D.C. Cir. 2001); Univ. Med. Ctr. v.

Shalala, 173 F.3d 438, 440 n.3 (D.C. Cir. 1999).  In such record review cases, the district court

generally does not resolve factual issues or duplicate agency fact-finding efforts, but instead

functions as an appellate court addressing a legal issue.  James Madison Ltd. by Hecht v.

Ludwig, 82 F.3d 1085, 1096 (D.C. Cir. 1996).  Sierra Club v. Mainella, 459 F. Supp. 2d 76, 90

(D.D.C. 2006) (citing Richards v. INS, 554 F.2d 1173, 1177 n. 28 (D.C. Cir. 1977) (rejecting

argument that summary judgment was improper due to issue of material fact because the matter

involved review of an administrative decision)).  For this reason, the normal standard of review for a summary judgment motion, which requires a district court to decide whether there is any "genuine issue of material fact," see Fed. R. Civ. P. 56(a), does not apply.  See Se Conference v. Vilsack, 684 F.Supp.2d 135, 142 (D.D.C. 2010); Calloway v. Harvey, 590 F. Supp. 2d 29, 35 (D.D.C. 2008) (quoting Sierra Club, 459 F. Supp. 2d at 89-90) (The standard set forth in Rule 56 does not apply "because of the limited role of a court in reviewing the administrative record." ); see Local Civil Rule 7(h)(2) (statement of undisputed material facts not required for cases "in which judicial review is based solely on the administrative record").  To the contrary, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."  Camp v. Pitts, 411 U.S. 138, 142 (1973). Summary judgment, therefore, is the mechanism through which the Court decides whether as a matter of law the agency action under review is supported by the administrative record and is otherwise consistent with the APA standard of review.  See Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court.").  "Under the APA, it is the role of the agency to resolve factual issues to arrive at a decision that is supported by the administrative record, whereas 'the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did.'"  Sierra Club, 459 F. Supp. 2d at 90 (quoting Occidental Eng'g Co. v. INS, 753 F.2d 766, 769-70 (9th Cir.1985)).

IV.     **ARGUMENT**

### A. Plaintiff Has Admitted That the "Stabilizer Brake" Was Designed "for" the Reduction of Sound.

Congress delegated to the Attorney General the responsibility of administering the provisions of the Gun Control Act.  In addition, Congress gave the Attorney General the specific responsibility of licensing and regulating the firearms industry.  See e.g., 18 U.S.C. § 923(a) (requiring the Attorney General to issue firearms licenses to qualified applicants).  Pursuant to 28 U.S.C. § 599A, Congress established the ATF within the Department of Justice and gave it responsibility to investigate firearms violations.

The National Firearms Act ("NFA"), (Chapter 53, Title 26 of the United States Code), imposes a registration requirement and a tax upon the manufacture and transfer of firearms. Furthermore, the Gun Control Act of 1968 ("GCA"), (Chapter 44, Title 18 of the United States Code), criminalizes the illegal manufacture, transfer, and possession of firearms.  Title 18, United States Code, Section 921 (a)(3)(C), defines a firearm as:

> . . . (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) *any firearm muffler or firearm silencer*; or (D) any destructive device.

18 U.S.C. § 921(a)(3)(C) (emphasis added).  Pursuant to 18 U.S.C. § 921(a)(24), "[t]he terms 'firearm silencer' and 'firearm muffler' mean any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication.".  The NFA incorporates the GCA definition by reference and states, in 26 U.S.C. § 5845(a)(7), in relevant part, that

> [t]he term "firearm" means . . . (7) any silencer (as defined in section 921 of Title 18, United States Code) . . . .

26 U.S.C. § 5845(a)(7). [4]  Within ATF, the Firearms Technology Branch determines what is or is not a "firearm" under the NFA and GCA.

In its Complaint, Plaintiff states that it "designed and built a device [called] a 'Stabilizer Brake' which attaches to the muzzle of a rifle and . . . substantially reduces recoil, reduces muzzle rise, and redirects noise away from the shooter."  Complaint, ¶8.  Plaintiff claims that the FTB was incorrect when it determined that:

> the 'Stabilizer Brake' was a firearm muffler or firearm silencer within the meaning of 18 U.S.C. § 921(a)(24) solely because it 'incorporates an expansion chamber, a ported inner tube, and an end cap, which are characteristics of known firearm silencers.

Id. at ¶10.  Plaintiff argues that "[t]he 'Stabilizer Brake' does not reduce total sound, but increases sound at the front of the rifle and decreases sound at that shooter's position."  Id. at ¶8. Plaintiff contends that the FTB was in error because it "conducted no test of the 'Stabilizer Brake' to determine if it silenced, muffled, or diminished the report of a portable firearm . . . ." Id. at ¶11.

However, the statutory language of the GCA does not provide a certain level of noise reduction that must be achieved to make a determination of whether a device is or is not a silencer.  The statute is absent of any absolute/quantitative reference (e.g., a certain decibel reduction) or relative/qualitative reference (e.g., "substantial reduction").  Instead, the language

---

[4]In whole, 26 U.S.C. § 5845(a)(7) states that:

[t]he term 'firearm' means (1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machinegun; (7) *any silencer (as defined in section 921 of Title 18, United States Code)*; and (8) a destructive device.

26 U.S.C. § 5845(a)(7) (emphasis added).

of the statute implicitly looks to the purpose of the device:  "any device *for* silencing, muffling, or *diminishing* the report of a portable firearm."  18 U.S.C. § 921(a)(24) (emphasis added). Based upon the representations of Plaintiff in its Complaint, and as described in its submission to FTB, Plaintiff essentially acknowledges that its "Stabilizer Brake" is a firearms silencer.

More specifically, Plaintiff treats the whole report of the rifle when it fires a bullet as being a defined amount.  In the absence of the brake stabilizer device, the sound energy of the report would emit from the rifle in a specific pattern, with some of the sound energy travelling back along the length of the rifle itself and towards the shooter; some sound energy traveling along the same path as the bullet/projectile towards the target; and the remainder of the sound energy traveling perpendicular to the direction of the rifle barrel.

Plaintiff then claims that when the shooter attaches the brake stabilizer device, the overall quantum of sound energy released during the discharge of a bullet does not diminish, but that the brake stabilizer re-directs that sound energy.  Specifically, it claims that the device "does not reduce total sound, but increases sound at the front of the rifle and *decreases sound at the shooter's position*." Complaint, ¶ 8 (emphasis added).  As Plaintiff claims, to maintain the total sound energy at a constant rate, the increase in sound energy in front of the rifle (i.e., from the target's perspective) must be accompanied by a proportionate diminution of the sound energy in the direction of the shooter.  Thus, Plaintiff created this device "for" the purpose of "diminishing" the report of the firearm from the shooter's perspective.  See Complaint, ¶ 8 (Stabilizer Brake "redirects noise away from the shooter.")  Therefore, by Plaintiff's own admission, the "Stabilizer Brake" falls within the definition of a silencer under the GCA.

In repeated cases, the Supreme Court and the lower courts have made the first (and often last) focus of statutory interpretation to be "the language of the statute."   Barnhart v. Sigmon

Coal Co., 534 U.S. 438, 450 (2002).  The Court's reliance upon the statutory text is not a new

concept.  In United States v. Public Utilities Comm'n. of Cal., the Court stated that "[w]here the

language and purpose of the questioned statute is clear, courts, of course, follow the legislative

direction in interpretation."  345 U.S. 295, 315 (1953).  See also Bank One Chi., N.A. v.

Midwest Bank & Trust Co., 516 U.S. 264, 279 (1996) (Scalia, J., concurring) ("[t]he law *is* what

the law *says*, and we should content ourselves with reading it rather than psychoanalyzing those

who enacted it."  (citing Public Util. Comm'n of Cal., 345 U.S. at 319 (Jackson, J., concurring)).

Moreover, this Circuit has noted,

> the Supreme Court's frequent reminder that canons of construction are no more than rules
> of thumb that help courts determine the meaning of legislation, and in interpreting a
> statute a court should always turn first to one, cardinal canon before all others . . . that
> courts must presume that a legislature says in a statute what it means and means in a
> statute what it says there. When the words of a statute are unambiguous, then, this first
> canon is also the last: judicial inquiry is complete").

Public Citizen, Inc. v. Rubber Mfrs. Ass'n, 533 F.3d 810, 816 (D.C. Cir. 2008).  Therefore,

because Plaintiff, admittedly, has created the Stabilizer Brake for the purpose of diminishing the

report of the firearm from the shooter's perspective, the Stabilizer Brake is a firearm silencer

within the plain meaning of the language of 18 U.S.C. § 921(a)(24).  Hence, Plaintiff's

Complaint should be dismissed.

## B.  **FTB Properly Classified  Innovator's Brake Stabilizer  as a Silencer.**

Even if Plaintiff's Complaint is not dismissed, Defendant should be granted summary

judgment because Plaintiff's Stabilizer Brake is still a silencer. Under the APA standard of

review, a court must only "hold unlawful and set aside agency action, findings, and conclusions"

when they are "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with

law," 5 U.S.C. § 706(2)(A), in excess of statutory authority, id. § 706(2)(C), or "without

observance of procedures required by law," id. § 706(2)(D).   The scope of review is "narrow,"

and "[t]he court is not to substitute its judgment for that of the agency." Motor Vehicle Mfrs.

Ass'n v. State Farm Mutual Auto Ins. Co., 463 U.S. 29, 43 (1983).

The arbitrary and capricious standard is "[h]ighly deferential," and "presumes the validity

of agency decisions." AT&T Corp. v. FCC, 220 F.3d 607, 616 (D.C. Cir. 2000).  Deference is

especially appropriate in areas that are "complex and highly technical." Pauley v. BethEnergy

Mines, Inc., 501 U.S. 680, 697 (1991); see, e.g., Am. Farm Bureau Fed'n v. EPA, 559 F.3d 512,

519 (D.C. Cir. 2009); Am. Radio Relay League, Inc. v. FCC, 524 F.3d 227, 233 (D.C. Cir.

2008).  It is well settled that when courts review legal challenges to an agency's interpretation of

a statute it administers, they must use the two-part test adopted by the Supreme Court in

Chevron, USA, Inc. v. Natural Res. Defense Council, Inc., 467 U.S. 837, 842 43 (1984).

Under the first part of the Chevron test, the court must determine whether Congress has

directly spoken to the precise question at issue. "If the intent of Congress is clear, that is the end

of the matter; for the court, as well as the agency, must give effect to the unambiguously

expressed intent of Congress." Id.  Under the second part of the test, "if the statute is silent or

ambiguous with respect to the specific issue, the question for the court is whether the agency's

answer is based on a permissible construction of the statute."[5] Id. at 843.  In reviewing an

agency's interpretation of its authority under a statute it administers, the court will uphold that

interpretation as long as it is a reasonable interpretation of the statute.  See EPA v. Nat'l Crushed

Stone Ass'n, 449 U.S. 64, 83 (1980) ("When construing statutes, we show 'great deference to the

interpretation given the statute by the officers or agency charged with its administration.'"); Vill.

of Bergen v. FERC, 33 F.3d 1385, 1389 (D.C. Cir. 1994).  An agency's interpretation of its own

regulations is "controlling unless plainly erroneous or inconsistent with the regulation being

interpreted." Long Island Care at Home, Ltd. v. Coke, 551 U.S. 158, 171 (2007) (internal

---

[5] "[T]he Court does not simply impose its own construction on the statute . . . ." Id. at 843.

quotation and citations omitted).  See Vineland Fireworks Co., Inc. v. ATF, 544 F.3d 509, 514

(3d Cir. 2008) (deferring to ATF's interpretation of a willful violation of the explosives

statutes which Congress delegated to ATF authority to administer); Firearms Import/Export

Roundtable Trade Group (FAIR) v. Jones, 854 F. Supp. 2d 1, 15 (D.D.C. 2012), aff'd, 498

Fed. Appx. 50 (D.C. Cir. 2013) (applying Chevron to ATF's interpretation of the GCA

and finding interpretation to meet both prongs of test).

 In order to satisfy the APA standard of review, "the agency must examine the relevant

data and articulate a satisfactory explanation for its action including a 'rational connection

between the facts found and the choice made.'" Motor Vehicle Mfrs Ass'n, 463 U.S. at 43

(quoting Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168 (1962)); accord

Alpharma, Inc. v. Leavitt, 460 F.3d 1, 6 (D.C. Cir. 2006).  The administrative record, however,

need not include explicit discussion of every factor that is relevant to the agency's decision so

long as the bases for the agency's policy choices are otherwise clear from the nature and context

of the challenged action.  See Domtar Maine Corp. v. FERC, 347 F.3d 304, 312 (D.C. Cir.

2003), cert. denied, 541 U.S. 1029 (2004).  "While [the court] may not supply a reasoned basis

for the agency's action that the agency itself has not given, [the court should] uphold a decision

of less than ideal clarity if the agency's path may reasonably be discerned."  Bowman Transp.,

Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 285-86 (1974) (internal citation omitted).

"If the agency's reasons and policy choices . . . conform to certain minimal standards of

rationality . . . the [agency decision] is reasonable and must be upheld."  Olson v. Clinton, 602 F.

Supp. 2d 93,100 (D.D.C. 2009) (internal quotations and citations omitted).

### i.  Under Chevron's First Analytical Step, the Stabilizer Brake is a Silencer.

Under Chevron's first analytical step, Plaintiff's Stabilizer Brake is a silencer.  The definition of a silencer under 18 U.S.C. § 92l(a)(21) is clear.  It is:  "[1] any device [2] for [3] silencing, muffling, or diminishing [4] the report [5] of a portable firearm . . . ."  The language "any device" paints a broad-brush stroke that removes any doubt that Congress intended only a narrow category of devices to fit its definition.  When Congress uses the term "any," it is expansive and is meant to cover "one or some indiscriminately of whatever kind."  Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 219 (2008) (quoting United States v. Gonzales, 520 U.S. 1, 5 (1997), Webster's Third New International Dictionary, 97 (1976)). Next, Congress used the word "for" to describe the devices, then followed it with the present participles silencing, muffling, and diminishing, which are separated by the disjunctive "or." A present participle indicates a "present, continuing action[,]" (Am. Gas & Electric Co. v. SEC, 134 F.2d 633, 648 (D.C. Cir. 1941) (Stevens, J., dissenting)), while the disjunctive indicates that each term "should be given separate meanings, unless the context dictates otherwise."  Ass'n of Private Sector Colleges and Univs. v. Duncan, 681 F.3d 427, 451 (D.C. Cir. 2012).  While all three terms indicate a reduction in sound, the context suggests that the difference among them is a matter of magnitude or degree.  "Silence" is the "absence of any sound or noise;" "muffle" means to "deaden (sound) by wrappings or other means;" and "diminish" means "to make or cause to seem smaller, less, less important, etc.; lessen; reduce."  See www.dictionary.com.[6]  Reading these terms along with the word "for" shows that Congress intended that the purpose of the device was to reduce the sound, but that Congress did not require that abatement of sound to be to any significant or measurable

---

[6]See also Meriam-Webster.com (muffle: "to wrap or pad with something to deaden the sound[;]" diminish: "to make less or cause to appear less.")

degree.  See United States v. Crooker, 608 F.3d 94, 97 (2d Cir. 2010) (the "ordinary connotation of the word ['for'] is one of purpose").

The "report" is the loud noise[7] caused when the rifle is fired and the firing pin detonates the chemicals within the bullet cartridge, which leads to a rapid expansion of propellant gas that expels the bullet from the rifle.  Finally, the rifle itself is a "portable firearm," which can be carried.  Hence, a review of the language makes clear that § 92l(a)(24) defines the silencer as essentially any device that has as its purpose the reduction of the sound of the gunshot to a greater or lesser extent.  See FAIR, 854 F. Supp. 2d at 16 ("At Chevron step one, the Court examines that plain meaning of the text, 'looking to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'") (citing Blackman v. D.C., 456 F.3d 167, 176 (D.C. Cir. 2006); Burns v. Alcala, 420 U.S. 575, 580-81 (1975) (The general rule is that words of a statute are to be given their ordinary meaning in the absence of persuasive reasons to the contrary.)

Clearly, then, Congress has directly spoken to the precise question at issue, and the Stabilizer Brake falls within the definition of a silencer. Therefore, in accordance with Chevron's first analytical step, the Court should give effect to the expressed intent of Congress and the Agency should be granted summary judgment.  Moreover, because Plaintiff has specifically pled in its Complaint that, from the perspective of the shooter, the Stabilizer Break was designed for the purpose of reducing the gunshot sound, it is properly considered a silencer.

---

[7] See www.dictionary.com (report: "a loud noise as from an explosion.")

ii.    Under Chevron's Second Analytical Step, Innovator's Stabilizer Brake is a Silencer.

Even if it is determined that Congress has not directly addressed the question at issue, under the second step of the Chevron analysis, FTB's decision that the Stabilizer Brake is a silencer was based on a permissible construction of the statute.  Again, "[a] court must affirm an agency's decision if a rational basis for the decision is presented, which is based on consideration of the relevant factors . . . ."  Envtl. Def. Fund v. Costle, 657 F.2d 275, 283 (D.C. Cir. 1981). Upon receipt of the device from Plaintiff, an FTB Firearms Enforcement Officer ("FEO") photographed and disassembled the device, and analyzed its various component parts. Consistent with FTB's practices, the component parts were compared to a list of common characteristics of known silencers, and the FEO concluded that the device was a silencer, a conclusion with which the FTB Chief agreed.

When FTB analyzed Plaintiff's submitted stabilizer brake, as it does with similar submissions, it does not perform the analysis in a vacuum or as a matter of first impression.  FTB has seen silencers in the past and has noted characteristic trends among them.  These characteristics have been identified based upon ATF's and FTB's collective wisdom in the field of silencers, which are located in FTB's Standard Operating Procedure (SOP) for Evidence Examination of Silencers.[8] Therefore, FTB has compiled a list of common characteristics of known silencers, to include the following non-exhaustive list:

---

[8] Innovator did not submit its Stabilizer Brake for evidence purposes, but rather for classification purposes. See AR: 1.  FTB has a Standard Operation Procedure ("SOP") for the *Examination of Non-Evidentiary Firearms Samples*.  See Exhibit 1.  But, this SOP does directly address silencers. Therefore, FTB applies the procedural steps of receiving and analyzing a putative silencer under the Non-Evidentiary Firearms Samples SOP, but applies the substantive determinations of what constitutes a silencer from the SOP entitled, *Evidence Examination of Silencers.* See Exhibit 2.

- Ported inner tube(s)
- Expansion chambers
- Baffles or washers which create separate expansion chambers
- Sound-dampening material such as foam, steel wool, and other materials
- End caps
- Encapsulators

As the September 14, 2012 correspondence to Plaintiff noted, FTB also can use sound-monitoring equipment to test a silencer. However, that sound test does not affect a classification; it only shows the effectiveness of a putative silencer device. Because FTB bases its determination on a device's *purpose* and not its *effectiveness,* a sound test is irrelevant. Hence, based upon FTB's analysis of the device submitted by Plaintiff and the comparison of the characteristics of that device to known silencers, FTB properly concluded that Plaintiff's device was a silencer. Therefore, even if the language of 18 U.S.C. § 921(a)(24) were silent or ambiguous with respect to what a silencer is, under the second part of the Chevron test, the Agency's conclusion was based upon a reasonable interpretation of the statute.[9]  See EPA v. Nat'l Crushed Stone Ass'n, 449 U.S. at 83 (great deference should be given to the interpretation of a statute by the Agency charged with its administration).

---

[9] This analysis comports with the Court's analysis in United States v. Schrum, 346 F. Supp. 537 (E.D. Va 1972). In Schrum, the court rejected the defendant's assertion that a silencer had to "substantially" reduce the report in order to fit with the NFA's definition. The court noted that "[a]lthough the two silencers in question functioned, they were not particularly effective[,]" noting that, at a demonstration during trial, the sound level was not substantially diminished to the human ear whether the silencer was used or not. Id. at 538-39. Focusing, in part, on the terms "for" and "diminishing" in both Webster's Dictionary and ATF's regulation at the time, the court looked to the purpose of the design and disregarded the effectiveness. Id. at 539.

The relevant regulation at the time was 26 C.F.R. § 179.11, which was re-codified as 27 C.F.R. § 479.11. The definition in this regulation is nearly identical to the language of the current statute, 18 U.S.C. § 921(a)(24).

Therefore, the Agency's interpretation of the statute it administers should be controlling, and summary judgment should be granted in the Agency's favor.[10]

### V.     <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).  In the alternative, summary judgment should be granted in Defendant's favor as Defendant is entitled to judgment as a matter of law.  <u>See</u> Fed. R. Civ. P. 56.

Respectfully submitted,

RONALD C. MACHEN, JR.
United States Attorney
D.C. Bar #447889

DANIEL F. VANHORN
Chief, Civil Division
D.C. Bar #924092


By: */s/ Marian L. Borum*
MARIAN L. BORUM
Assistant United States Attorney
D.C. Bar #435409
555 Fourth Street, N.W.
Washington, DC 20530
 (202) 514-6531/(202) 614-8780 (fax)
Marian.L.Borum@usdoj.gov


Of Counsel:

Mark A. Vetter
Senior Attorney
Office of Chief Counsel (Litigation)
Bureau of Alcohol, Tobacco, Firearms & Explosives
United States Department of Justice

---

[10] Plaintiff's request for declaratory relief should be denied as well.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this 31st day of July, 2013, service of the foregoing, and

the attached, was made, via the Court's Electronic Mail System and First Class Mail, to

Plaintiff's counsel as follows:

Dan M. Peterson
3925 Chain Bridge Road, Suite 403
Fairfax, Virginia  22030
dan@danpetersonlaw.com

<div style="margin-left: 45%;">

*/s/ Marian L. Borum*
MARIAN L. BORUM
Assistant United States Attorney

</div>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **INNOVATOR ENTERPRISES, INC.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 13-0581 (JDB)** |
| | ) | |
| **B. TODD JONES, ACTING DIRECTOR,** | ) | |
| **BUREAU OF ALCOHOL, TOBACCO,** | ) | |
| **FIREARMS AND EXPLOSIVES,** | ) | |
| | ) | |
| **Defendant** | ) | |

## <u>ORDER</u>

Upon consideration of Defendant's Motion to Dismiss, Plaintiff's Opposition, and the entire record herein, it is this _____ day of _____, 2013,

**ORDERED** that Defendant's Motion to Dismiss be and is hereby GRANTED; and it is

**FURTHER ORDERED** that the above-captioned action be and is hereby DISMISSED with prejudice.

_____
United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **INNOVATOR ENTERPRISES, INC.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 13-0581 (JDB)** |
| | ) | |
| **B. TODD JONES, ACTING DIRECTOR,** | ) | |
| **BUREAU OF ALCOHOL, TOBACCO,** | ) | |
| **FIREARMS AND EXPLOSIVES,** | ) | |
| | ) | |
| **Defendant** | ) | |

## ORDER

Upon consideration of Defendant's Motion for Summary Judgment, Plaintiff's

Opposition, and the entire record herein, it is this _____ day of _____, 2013,

**ORDERED** that Defendant's Motion be and is hereby GRANTED; and it is

**FURTHER ORDERED** that the above-captioned action be and is hereby DISMISSED

with prejudice.

_____
United States District Judge


Copies to:

Marian L. Borum
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C.  20530

Dan M. Peterson
3925 Chain Bridge Road, Suite 403
Fairfax, Virginia  22030